**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EAST TEXAS SEISMIC DATA, LLC,
an Oklahoma company; and CAPMAC
EIGHTY-TWO LIMITED
PARTNERSHIP, an Oklahoma limited
partnership,

     Plaintiffs-Appellants,

v.

SEITEL DATA, INC., a corporation;
and FIRST SEISMIC
CORPORATION, a corporation,

     Defendants-Appellees,

   and

SANTA FE ENERGY RESOURCES,
INC., a corporation; and IMC
GLOBAL INC., a corporation,

     Defendants.

No. 01-5023

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-981-B)

---

Robert Kenneth Pezold (Dennis A. Caruso and Joseph C. Woltz with him on the
briefs) of Pezold, Caruso, Barker & Woltz, Tulsa, Oklahoma, for Plaintiffs-
Appellants.

James M. McGraw (D. Scott Funk with him on the brief) of Looper, Reed &

McGraw, Houston, Texas, for Defendants-Appellees.

————————————————

Before, **SEYMOUR, McKAY,** and **MURPHY,** Circuit Judges.

————————————————

**McKAY**, Circuit Judge.

————————————————

This dispute arises out of the licensing of seismic information. Three entities entered into a joint venture agreement to collect seismic data for sale or license. The three original entities were Adobe (owning 37.5%), McMoRan (owning 50%) and McKenzie (owning 12.5%). Eventually East Texas became the owner of the 12.5% ownership interest. Then, First Seismic obtained Adobe's and McMoRan's share of the joint venture (87.5%), which it later sold to Seitel.

In the present action, East Texas alleges that First Seismic and Seitel licensed the actual seismic information to parties outside the joint venture for a profit without paying East Texas 12.5% of the proceeds. East Texas appeals the United States District Court Order granting summary judgment in favor of First Seismic and Seitel.

We review a district court's grant of summary judgment *de novo*. Watts v. Atlantic Richfield Co., 115 F.3d 785, 790 (10th Cir. 1997). A motion for summary judgment is granted when the record demonstrates that "there is no

-2-

genuine issue of material fact . . . and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The issue is whether the district court erred in granting defendant's motion for summary judgment, based on its interpretation of our prior decision, holding that all parties could sell or license the seismic information to other entities without accounting to their fellow joint venturers for the proceeds obtained.

In a previous action, East Texas brought suit upon the sale of Adobe's and McMoRan's interest to First Seismic arguing that it had a right to 12.5% of the proceeds that Santa Fe Energy Resources and ICM Global, Inc., (successors to Adobe and McMoRan respectively) received from selling their ownership interests to First Seismic. This court held that East Texas was not entitled to any proceeds from the sale of Santa Fe's and ICM's interest to First Seismic. East Texas Seismic Data, LLC v. Seitel Data, Inc., 1999 WL 1066839 (10th Cir.). We held that the joint venture contract clearly stated that after two years the parties could sell their interest without restriction.

In the present action, East Texas argues that it is a co-tenant with First Seismic; therefore, First Seismic must account to it for proceeds generated from licensing the seismic information. First Seismic and Seitel contend that they had the right to license or sell the information without East Texas' approval. Both parties rely on our earlier opinion as supportive of their respective positions.

We agree with East Texas that the district court misconstrued this court's earlier opinion. Our prior opinion held that each of the joint venturers had the right to sell their interest in the project without accounting to East Texas. East Texas, 1999 WL 1066839, at *1. However, the right to sell one's own interest in a seismic data collecting project is different than the right to sell or license the seismic information itself.

In our previous opinion, we stated that "[t]his agreement is unambiguous and grants each venturer the unrestricted right to sell its proportionate interest in the data." Id. at *2 (emphasis added). Additionally, the contract that the parties drafted reads, "The right to sell all or trade any part of the Data shall be vested exclusively in the venturers in proportion to their Participation Interest." Participation Agreement § 5.1 (Aplt. App. at 189) (emphasis added). The contract clearly allows each party to sell their respective interest in the seismic information to a third party without any duty to account to the other venturers. However, it does not logically follow that each party could sell the actual information itself without accounting to the other joint venturers.

As stated above, the agreement gives the parties the unrestricted right to sell their proportionate interest in the data. There is a clear difference between being able to convey 100% of what First Seismic owns to another entity and licensing the seismic data First Seismic owns jointly with East Texas to another

party. First Seismic and Seitel had an 87.5% interest in the data and East Texas had a 12.5% interest. Since First Seismic's proportionate interest in the data is only 87.5%, it is inapposite that First Seismic could sell or license 100% of the information to a third party without accounting to East Texas. This would give First Seismic a windfall – 100% profit from an 87.5% interest. A logical extension of First Seismic's argument illustrates the inequity perfectly. Pursuant to First Seismic's construction of the agreement, East Texas would have been entitled to license the seismic information to others and retain 100% of the proceeds despite owning only a 12.5% interest.

First Seismic and Seitel also assert that the statute of limitations has expired with respect to East Texas' claims. The district court did not address this issue because it granted summary judgment on the merits in favor of First Seismic and Seitel.

For the foregoing reasons, the decision of the district court is reversed and remanded. On remand, the district court will need to determine what effect the statute of limitations would have on East Texas' claims.

REVERSED and REMANDED.